NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NEVEL HESLOP,

        Plaintiff,

v.

SGT B. DANIELS, et al.,

        Defendants.

Civil Action No. 18-1503 (MAS) (TJB)

OPINION

**SHIPP, District Judge**

*Pro se* Plaintiff Nevel Heslop has filed an Amended Complaint pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth Amendment rights. (Am. Compl., Oct. 26, 2018, ECF No. 7.) Having previously granted Plaintiff *in forma pauperis* status (Order, ECF No. 4), the Court must review the Amended Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). For the reasons stated below, the Court dismisses the Amended Complaint without prejudice.

**I.    BACKGROUND**

Plaintiff filed an initial complaint on or about February 2, 2018. (Compl., ECF No. 1.) The Court dismissed the case without prejudice, finding that Plaintiff had failed to state a claim for relief. (Mem. Op., Apr. 24, 2018, ECF No. 5.) The Court granted Plaintiff thirty days to amend his complaint, cautioning that failure to do so in the time allotted would result in a dismissal with

prejudice. (Order, April 24, 2018, ECF No. 6.) Nearly six months later, Plaintiff filed a response, which the Court construes as his Amended Complaint. (Am. Compl.) Given the tardiness of Plaintiff's filing, the Court would ordinarily refuse to review the Amended Complaint and would dismiss the case with prejudice. Nevertheless, because Plaintiff is proceeding *pro se*, the Court will overlook the delay in this instance.

Plaintiff brings this civil rights action against Defendants Sergeant B. Daniels, SCO Pierce and John Does one through five for violations of his Eighth Amendment rights. (Am. Compl. 5, 7.)[1] The allegations stem from an incident that occurred in 2005, and the alleged inadequate medical care Plaintiff received over the next twelve years. (*Id.* at 7-11.) Plaintiff alleges that on December 19, 2005, Defendants Daniels, Pierce and five other officers approached Plaintiff and took away his cane. (*Id.* at 7.) Plaintiff states that he was handcuffed, told he had a disciplinary charge, and forced to walk to lock up. (*Id.*) Defendant Daniels then struck Plaintiff in the back, knocked Plaintiff over, and the officers stepped on Plaintiff. (*Id.*) Plaintiff avers that he heard a "pop" in his back, but was not taken to the infirmary. (*Id.* at 7-8.) Plaintiff explains that as a result of being struck, he injured his tongue, which has been swollen for over a decade. (*Id.* at 8.) Six or seven months later, Plaintiff states that he was released from detention, and his cane was eventually returned by Defendant Pierce. (*Id.* at 8.) Sometime later, Plaintiff went to the infirmary and ultimately received an x-ray on March 28, 2007. (*Id.* at 9.) Plaintiff avers that the x-ray showed that his spine was fractured, as diagnosed by Dr. Leoni. (*Id.*) An MRI with dye was ordered by Dr. Leoni, which Plaintiff received on May 15, 2007. (*Id.*) Plaintiff states that the MRI, which was given without dye, showed no signs of a fracture. (*Id.*)

---

[1] The page numbers for "Am. Compl." refer to the ECF page numbers.

The remainder of Plaintiff's Amended Complaint is a detailed factual description of the alleged inadequate medical care he received over the next many years. (*Id.* at 9-14.) Plaintiff avers that in 2008, he wrote to various prison officials about the lack of dye used in his MRI, and each responded that the MRI was performed as ordered. (*Id.* at 9-10.) Plaintiff continued to suffer from pain, and in 2010, after being transferred to a new prison, he was told no surgical intervention was possible for his back. (*Id.* at 11.) Plaintiff saw a dentist for his tongue, and blood tests were administered, all of which showed no damage. (*Id.* at 12.) Plaintiff was given vitamins, mouthwash, and an injection, which made Plaintiff's eyes bloodshot and his head numb. (*Id.*)

Plaintiff states that in December 2014, his pain became worse, and he received an MRI. (*Id.* at 13.) Boots were ordered for his numb feet, which he never received. (*Id.*) In 2016, he was moved to a new prison and saw Dr. Scott Miller for pain in his right side. (*Id.* at 13-14.) Dr. Miller responded that Plaintiff's pain was likely the result of his fractured spine. (*Id.* at 14.) Plaintiff never received the boots for his numb feet despite various grievances and inquiries having been filed. (*Id.*)

## II. LEGAL STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts are required to review civil actions in which a prisoner proceeds *in forma pauperis*. See 28 U.S.C. § 1915(e)(2)(B). When reviewing such actions, the PLRA instructs courts to dismiss cases that are at any time frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

3

Because Plaintiff is proceeding *in forma pauperis*, the applicable provisions of the PLRA apply to the screening of his Amended Complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555.) In order to survive a dismissal for failure to state a claim, a complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556.) A plaintiff must be able to demonstrate that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 676. Furthermore, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.   ANALYSIS

The Court considers Plaintiff's claims brought pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

4

To recover under this provision, two elements must be shown. First, a plaintiff "must establish that the defendant acted under color of state law," and second, that the plaintiff has been deprived of "a right secured by the Constitution." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

A. <u>Defendants Daniels and Pierce</u>

Plaintiff appears to allege an excessive force claim against Defendants Daniels and Pierce for hitting Plaintiff and removing his cane. (*See generally*, Am. Compl.) These claims must be dismissed as time-barred. Federal courts look to state law to determine the limitations period for § 1983 actions. *Wallace v. Kato*, 549 U.S. 384, 387-88 (2007). Civil rights or constitutional tort claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. *Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 859 (3d Cir. 2014). Under New Jersey law, an action for an injury caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action. N.J.S.A. § 2A:14-2; *Lagano*, 769 F.3d at 859. Thus, New Jersey's two-year limitations period on personal injury actions governs Plaintiff's claims here. *Id.* While a plaintiff is not required to plead that the claim has been brought within the statute of limitations, *Stephens v. Clash*, 796 F.3d 281, 288 (3d Cir. 2015), if the allegations of a complaint "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007). For circumstances of excessive force, the limitations period accrues at the time of the physical harm. *See Brown v. Buck*, 614 F. App'x 590, 592 (3d Cir. 2015) (explaining that excessive force claims accrue on the date when force is administered).

5

Here, it is apparent that Plaintiff's claim against these Defendants is barred by the statute of limitations: the alleged act of excessive force occurred in 2005 and Plaintiff did not file his original complaint in this matter until December 16, 2017. (*See* Compl. 12.) Thus, Plaintiff's limitations period for his claim expired well before he filed his complaint and his claim is time-barred. Similarly, to the extent Plaintiff seeks to raise a claim of inadequate medical care against the officers for failure to take him to the infirmary, this claim would also be time-barred.[2]

B. <u>Inadequate Medical Care</u>

Plaintiff has not named any medical professionals or prison officials as defendants in this action. To the extent Plaintiff wishes to do so, he has not provided sufficient facts in his Amended Complaint with respect to any one individual to state a claim of inadequate medical care. Should Plaintiff wish to raise claims against any new defendant, he may file an amended complaint naming those individuals as defendants, and he may add additional facts to support his claims. Plaintiff, however, must still be cognizant of the applicable statute of limitations for such claims.

C. <u>Equitable Tolling</u>

In the event Plaintiff wishes to raise an equitable tolling argument under the continuing violations doctrine as justification for his delay in filing his complaint, this argument fails. "The continuing violations doctrine is an equitable exception to the limitations period, which provides that, 'when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period.'" *Beckett v. Pa. Dep't of Corr.*, 597 F. App'x 665, 667 (3d Cir. 2015) (quoting *Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001)). Nevertheless, the "continuing conduct of [a] defendant will not stop the

---

[2] Plaintiff also names John Does one through five as Defendants in this action. (*See* Am. Compl. 7.) To the extent the John Does refer to the officers who removed Plaintiff's cane and stepped on Plaintiff, those claims would be time-barred for the reasons expressed above.

6

ticking of the limitations clock begun when plaintiff obtained requisite information." *Id.* at 668 (citation and quotation omitted). Instead, "[o]n discovering an injury and its cause, a claimant must choose to sue or forego that remedy." *Id.* (citation and quotation omitted).

Plaintiff's excessive force claim fails under the above standard because it was a single isolated incident. Plaintiff's inadequate medical care claim would also likely fail under this standard because Plaintiff discovered that his spine was fractured as early as 2007. Thus, the limitations period would not have been continuously tolled during the subsequent ten years in which Plaintiff waited to file his complaint. Plaintiff was in possession of the requisite information related to his injury many years before filing his complaint. Furthermore, because all Defendants in this action have been dismissed, Plaintiff cannot raise an equitable tolling argument at this time.[3]

## IV. CONCLUSION

For the reasons expressed above, Plaintiff's Amended Complaint (Am. Compl., ECF No. 7) is DISMISSED WITHOUT PREJUDICE. An appropriate order follows.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: April 24, 2019

---

[3] Should Plaintiff have additional equitable tolling arguments, he may present those arguments in a proposed amended complaint. In addition, to the extent Plaintiff seeks the appointment of *pro bono* counsel, he may file a separate motion requesting that counsel be appointed.